E-FILED
Friday, 10 July, 2026  03:08:20 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **ANTOINE JACKSON,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     **v.** | ) | **Case No. 3:26-cv-03057-SEM** |
| | ) | |
| **CROW *et al.*,** | ) | |
|     **Defendants.** | ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983 filed by Plaintiff Luis Villavicencio-Serna. Plaintiff has also filed a Motion for Counsel (Doc. 4.)

The Court concludes that Plaintiff's pleading states an Eighth Amendment deliberate indifference claim for relief. Plaintiff's Motion for Counsel is denied.

## I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's Complaint alleges constitutional violations at Big Muddy Correctional Center ("Big Muddy"), where Plaintiff was incarcerated, and Taylorville Correctional Center ("Taylorville"), where Plaintiff is currently incarcerated. As to the allegations at Taylorville, Plaintiff names Warden Joshua McDannald; Jane Doe Nurses I, II, III, and IV; and Centurion Health ("Centurion").

On November 12, 2025, Plaintiff transferred from Big Muddy to Taylorville. The next day, Plaintiff informed Defendant Doe I about cysts on his head, which had plagued him at Big Muddy. Doe I told Plaintiff that she could not provide medical care because

Plaintiff's medical records had not yet been transferred from Big Muddy, and Taylorville did not have a doctor on staff at that time. Plaintiff recalls this same response from Defendant Doe II on November 18, 2025. On December 9, 2025, Defendant Doe III responded that his cysts were not her problem. Plaintiff states that about this time, he became forgetful and began seeing black, blue, and green spots. Plaintiff wrote grievances regarding the lack of medical care to no avail.

### C. Analysis

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the

prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Initially, the Court notes that the constitutional violations alleged at Big Muddy must be filed in a separate lawsuit in the United States District Court for the Southern District of Illinois, where venue lies. See 28 U.S.C. 93(c) (listing the Illinois counties that comprise the Southern District of Illinois). Thus, the Court dismisses Defendants Crow; Dr. John Doe; Nurses Brittany, Cristina, and Jane Doe; and Wexford Health Sources, Incorporated ("Wexford")[1] as Defendants.

Regarding events at Taylorville, Plaintiff's account is sufficient to state a plausible Eighth Amendment deliberate indifference to serious medical need claim against Defendants Doe I, II, and III. However, although Plaintiff names Defendants Doe IV and

---

[1] On July 30, 2025, Wexford's contract to provide medical services to Illinois Department of Correction ("IDOC") facilities ended. See Memorandum issued July 24, 2025, https://idoc.illinois.gov/content/dam/soi/en/web/idoc/news/memostopopulation/7.24.25-Updated-Transition-of-Comprehensive-Healthcare-Services-Provider-memo-individuals.pdf (last visited July 10, 2026).

McDannald, Plaintiff does not provide any facts that establish or permit the inference that they violated Plaintiff's constitutional rights. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Miller v. Harbaugh*, 698 F.3d 956, 960 (7th Cir. 2012) ("Because there is no vicarious liability under Section 1983, [supervisory] defendants [can] be liable only if they personally did something that violated [a plaintiff's] rights.").

However, because service of process cannot occur on Doe Defendants, the Court *sua sponte* adds Warden McDannald to assist in identifying Defendants Doe I, II, and III. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) (holding that a court may allow the case to proceed to discovery against a high-level official with the expectation that she will aid in identifying Doe defendants.)

Defendant Centurion can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and

promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Although Plaintiff names Defendant Centurion, he does not allege any fact that establishes or permits the reasonable inference that a Centurion official policy or custom caused his injury. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) ("An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or

through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation.").

## II. COUNSEL

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's Motion for Counsel (Doc. 4) because he has not satisfied his threshold burden of demonstrating

that he has attempted to hire counsel, which typically requires

writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Doe I, II, and III. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court ("Clerk") is DIRECTED to add Taylorville Warden Joshua McDannold as a party for the sole purpose of facilitating the identification of the Doe defendant and to terminate Brittney, Christina, Crow; Dr. John Doe; Big Muddy Nurse Doe, Doe IV, Centurion, and Wexford as parties.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the**

Court will enter an order setting discovery and dispositive motion deadlines.

6) If a Defendant no longer works at the address provided by Plaintiff, the entity where that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file their respective Answers within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a

**scheduling order, which will explain the discovery process in more detail.**

9)    **The Court grants Defendants' counsel leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

10)   **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.**

11)   **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12)   **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13)   **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED July 10, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE